# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RONALD GEATHERS, : | |
| : | |
| Plaintiff, : | CIVIL ACTION FILE NO. |
| : | 1:14-cv-00850-WSD-AJB |
| v. : | |
| : | |
| BANK OF AMERICA, N.A., : | |
| : | |
| Defendant. : | |

## UNITED STATES MAGISTRATE JUDGE'S
## NON-FINAL REPORT AND RECOMMENDATION

Before the Court is Defendant's motion to dismiss the complaint for failure to state a claim, [Doc. 5]. For the following reasons, the undersigned **RECOMMENDS** to the District Judge that he **DENY** the motion to dismiss, [Doc. 5], **AS MOOT**.

## I.  *Background*

On March 25, 2014, Plaintiff Ronald Geathers initiated this action by filing a *pro se* complaint against Defendant Bank of America, N.A. ("BANA"). [Doc. 1]. The complaint, which was thirty pages long and contained seventy-seven individually numbered paragraphs plus fifteen footnotes, asserted three "causes of action" and eight "counts"—in effect, eleven claims—arising from alleged improprieties in the initiation and servicing of Plaintiff's home loan and Defendant's attempts at collection and

threats of foreclosure upon Plaintiff's default on the loan[1]: predatory lending, (First Cause of Action), [*id.* ¶¶ 6-15 & nn. 3-6]; violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, (Second Cause of Action), [*id.* ¶¶ 14-17 & nn. 7-8]; breach of a "legal duty under [Federal Housing Administration] contract covenants," (Third Cause of Action), [*id.* ¶¶ 18-29 & n.9]; declaratory relief, (Count One), [*id.* ¶¶ 30-37 & n.10]; breach of contract, (Count Two), [*id.* ¶¶ 39-44 & n.11]; negligence, (Count Three), [*id.* ¶¶ 45-49 & n.12]; gross negligence, (Count Four), [*id.* ¶¶ 50-52]; negligence per se, (Count Five), [*id.* ¶¶ 53-58]; violation of TILA, (Count Six), [*id.* ¶¶ 59-63 & n.13]; violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, (Count Seven), [*id.* ¶¶ 64-68 & nn. 14-15]; and violation of RESPA, (Count Eight), [*id.* ¶¶ 69-75].

On April 15, 2014, Defendant filed a motion to dismiss the complaint. [Doc. 5]. It argued that dismissal was proper pursuant to Rule 8(a) of the Federal Rules of Civil Procedure because the complaint failed to provide a short, plain statement of Plaintiff's

---

[1] The real property at issue in this matter (hereinafter, the "Property") is located at 610 Vista Terrace, Stone Mountain, Georgia 30087. [Doc. 1 ¶ 3].

2

claims; that dismissal was proper pursuant to Rule 12(b)(6) because the complaint failed to state a claim upon which relief may be granted; and that, for various reasons, each claim failed as a matter of law. [*Id.*].

Plaintiff did not file a response to Defendant's motion. (*See* Dkt.). Instead, on April 28, 2014, an attorney appeared on Plaintiff's behalf, [Doc. 8], and approximately two weeks later she filed a motion for leave to amend the complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, [Doc. 11]. The proposed amended complaint, which Plaintiff seeks to substitute for the original complaint, is six pages shorter than the original complaint; contains only one short footnote; newly names as a defendant Bayview Loan Servicing, LLC, which Plaintiff reports became the servicer of his loan on April 1, 2014, and subsequently notified Plaintiff of its intent to accelerate the loan balance and commence foreclosure proceedings; and narrows Plaintiff's claims to six: declaratory relief, (Count One), [Doc. 11-1 ¶¶ 38-45]; preliminary injunctive relief, (Count Two), [*id.* ¶¶ 46-58]; breach of contract, (Count Three), [*id.* ¶¶ 59-63]; negligence per se, (Count Four), [*id.* ¶¶ 64-68]; violation of the FDCPA, (Count Five), [*id.* ¶¶ 69-75]; and violation of TILA, (Count Six), [*id.* ¶¶ 76-80].

AO 72A
(Rev.8/8
2)

By separate Order this date, the undersigned granted Plaintiff's motion to amend. [*See* Doc. 15].

## II. *Discussion*

Given the Court's ruling on the motion to amend, the undersigned concludes that the pending motion to dismiss, [Doc. 5], should be denied as moot. Plaintiff's amended complaint supersedes the original complaint. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."); *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading."). Further, the amended complaint renders moot the motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded. *See Renal Treatment Ctrs.–Mid-Atlantic, Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC*, No. 608CV87, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009) (noting that a pleading superseded by an amended complaint was "entirely irrelevant," and therefore concluding that the motion to dismiss the original pleading was moot); *Gulf Coast Recycling, Inc. v. Johnson Controls, Inc.*, No. 8:07-CV-2143-T-30TBM, 2008 WL 434880, at *1 (M.D. Fla. Feb. 14, 2008) (concluding

4

AO 72A
(Rev.8/82)

that the motion to dismiss was moot following the filing of the amended complaint because "[a]n amended complaint completely supersedes the original complaint, and once a complaint is amended, the only issues before the Court are the ones raised in the text of the amended complaint"); *Mizzaro v. Home Depot, Inc.*, No. Civ. A. 1:06-CV-11510, 2007 WL 2254693, at *3 (N.D. Ga. July 18, 2007) (Evans, J.) (dismissing as moot a motion to dismiss addressing the original complaint following defendants' acceding to the filing of an amended complaint).

Because the pending motion to dismiss seeks to dismiss a pleading that has been superseded, the undersigned **RECOMMENDS** to the District Judge that he **DENY AS MOOT** the motion to dismiss the original complaint, [Doc. 5].

**IT IS SO RECOMMENDED**, this the 9th day of October, 2014.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)